UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRY J. HYATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3067 |
| | ) | |
| DR. JACQUELINE MITCHELL, et. al, | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently detained in the Rushville Treatment and Detention Center, pursues claims for deliberate indifference to his serious dental needs. Discovery is proceeding.

Dr. Mitchell, the dentist, has moved for an order authorizing the disclosure of Plaintiff's mental health records. Dr. Mitchell asserts that the Department of Human Services will not release the documents without an order pursuant to 740 ILCS 110/10(d). Plaintiff has not objected. This Court finds that Plaintiff's mental health records may

1

contain evidence relevant to Defendants, such as evidence relevant to Plaintiff's credibility.  Accordingly, this motion will be granted.

Dr. Mitchell has also moved for a protective order preventing public disclosure of the facility's internal policies and procedures, which Plaintiff apparently seeks in discovery.  Dr. Mitchell asserts that this information is confidential and proprietary.  Her proposed protective order would prevent Plaintiff from disclosing any documents marked "confidential" by Defendants.  Plaintiff objects, arguing that the information he seeks is not confidential and is obtainable by any member of the public through freedom of information requests.

The Court agrees with Plaintiff that the proposed protective order is too broad, applying to any document Defendants deem "confidential." Federal Rule of Civil Procedure 26 requires the Court to determine if "good cause" exists for the issuance of a protective order.  Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994).  No documents are before the Court, so the Court cannot determine if any of the documents in fact contain confidential or proprietary information, or

if good cause exists for a protective order.  Dr. Mitchell's motion for a protective order will therefore be denied.

Dr. Mitchell also moves to amend her answer to add a statute of limitations defense.  Plaintiff objects.  "Federal Rule of Civil Procedure 8(c) requires a defendant to include affirmative defenses like a statute of limitations in its answer, . . . .  However, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially."  Williams v. Lampe, 399 F.3d 867, 871 (7th Cir. 2005).

This Court concludes that Dr. Mitchell's amended answer should be allowed.  Asserting the statute of limitations defense will work no unfair surprise or prejudice to Plaintiff, who will have ample time to incorporate the issue in his discovery and research.  Jackson v. Rockford Housing Authority, 213 F.3d 389, 393 (7th Cir. 2000)("As a rule, we have allowed defendants to amend when the plaintiff had adequate notice that a statute of limitations defense was available, and had an adequate opportunity to respond to it despite the defendant's tardy

assertion.").

Dr. Mitchell also moves for partial judgment on the pleadings, arguing that all claims accruing before November 21, 2008, are barred by the statute of limitations.  Plaintiff concedes that some violations may have begun before November, 2008, but he argues that those violations have continued unabated to the present.  The "continuing violation" doctrine permits a plaintiff to sue outside the statute of limitations if "[t]he injuries about which the plaintiff is complaining . . . are the consequence of a numerous and continuous series of events."  Heard v. Sheahan, 253 F.3d 316, 319 (7th Cir. 2001).  The Court cannot make this determination on the pleadings alone.  Dr. Mitchell may raise the issue again in a summary judgment motion after the record is fully developed.

IT IS THEREFORE ORDERED:

1.  Defendant Dr. Mitchell's motion for an order authorizing the release of Plaintiff's mental health records is granted (d/e 23).  The Court hereby finds that Plaintiff, through his lack of objection, has consented

to the production of his mental health records to Dr. Mitchell's counsel. The Court further finds that the records may be relevant to Dr. Mitchell's defense and are thus discoverable. Accordingly, Dr. Mitchell is authorized to serve subpoenas to obtain the records, and the holder of said records is authorized to disclose the records to Dr. Mitchell's counsel. The records that are produced shall be subject to the protective order already in place.

    2. Defendant Dr. Mitchell's motion for a protective order is denied (d/e 25).

    3. Defendant Dr. Mitchell's motion to file an amended answer adding a statute of limitations defense is granted (d/e 27). The amended answer (d/e 29) shall be the operative answer for Dr. Mitchell.

    4. Dr. Mitchell's motion for judgment on the pleadings is denied (d/e 34).

    5. Defendants Bednarz and Kibby's motion for leave to file a motion for an extension is granted (d/e 36). The clerk is directed to docket the attachment to d/e 36.

6. The motion for an extension to respond to discovery requests filed by Defendants Bednarz and Kibby is granted. Their deadline to respond is November 11, 2011.

7. Plaintiff's motion for an extension to file a motion to compel is granted (d/e 38). Plaintiff shall have until November 4, 2011, to file his motion to compel, or until 14 days after receipt of the responses, whichever occurs later.

ENTERED: October 28, 2011

FOR THE COURT:

s/Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE