E-FILED
Tuesday, 15 May, 2012  04:28:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
for the CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRY HYATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No: 11-cv-3067-HAB-CHE |
| | ) | |
| JACQUELINE MITCHELL, MICHAEL | ) | |
| BEDNARZ, and ALFREDA KIBBY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT MITCHELL'S MOTION FOR SUMMARY JUDGMENT

NOW COMES TERRY HYATT, pro se., without the aide of actual counsel or support of any attorney pursuant to Fed. R. Civ, P. 56 and Local Rule 7.1., and in support of My Motion for Summary Judgment, I state as follows:

### I.    INTRODUCTION:

Summary Judgment in favor of the Defendant in this case would not be proper given the over whelming amount of disputed facts and allegations that are simply ignored or glossed over by this Defendant.

Among the issues before the Court is whether or not Defendant Mitchell acted properly and with Professional regard to her ethical standards when she Pulled a tooth instead of fixing it to avoid missing a train, whether she acted professionally when she provided me a Authorization for treatment after she had already pulled tooth number 6, and whether she acted in good faith when she informed me she would follow up with me the next weekend when she already knew she would not be here as she was going to be out for elective eye surgery for a condition that was impacting her ability to see.

Additionally, Defendant Mitchell left me in pain and I still

contend that had it not been for the rushed and hap hazard and unprofessional pulling of a tooth to save time and avoid missing a train resulting in a much larger and deeper wound that should have never been created in the first place.  This over sized wound lead to stitching a big area that pulled apart the first night and Mitchell was no where to be found and she left me with no instructions to follow should anything go wrong, nor did she prescribe any meaningful pain medication or any type of anti biotic knowing the deep and sizable wound that was left.

When reading Defendant Mitchell's Motion for Summary Judgment and support documents one needs to keep in mind it is not my contention she should be denied Summary Judgment for what she includes in her Motion, but rather she should be denied summary judgment and this case should be set for trial for all the information and documentation that is not even mentioned.

The grievances and Complaint filed are not part of the Motion filed by Defendant Mitchell,  the Quotes from the deposition are construed and represented in a manner and with a meaning I never intended or even considered in some case.

In short, eheir is considerable evidence and facts remaining that never arise in Defendant Mitchell Motion for summary judgment that a reasonable trier of facts could use to rule in my favor during trial which I will now set forth in the best manner that I can relying upon the assistance of my peers as I already identified in my deposition.

I again remind everyone that I am learning disabled and do not perform at my best with strangers or under pressure, but I can talk and present my issues well given enough time and help with spelling

2

## II.    UNDISPUTED MATERIAL FACTS:

1)   Material fact number 5 is not disputed, however the questions asked on page 8 of the deposition are confusing and the dates are not consistent, or correct at times.

2)   Material fact number 6 is not disputed.

3)   Material fact number 7 is not disputed.

4)   Material fact number 8 is not disputed.

5)   Material fact number 9 is not disputed, however it is not accurately repeated from deposition either, more paraphrased.

6)   Material fact number 10 is not disputed.

7)   Material fact number 11 is not disputed in part. I testified that this was read aloud, however I did testify it was read aloud after the tooth was pulled.

8)   Material fact number 13 is not disputed.

9)   Material fact number 14 is not disputed

10)  Material fact number 15 is not disputed.

11)  Material fact number 16 is not disputed as to Dr. Jackson seeing Plaintiff for follow up care, however, I never stated at any time Dr. Jackson was "filling in while Dr. Mitchell remained out on medical leave".

12)  Material fact number 17 is not disputed.

13)  Material fact number 19 is not disputed, however more care and treatment was needed and provided, this was not just a

14)  Material fact number 20 is not disputed, however it is not complete either.

15)  Material fact number 25 is not disputed as to removing any remaining stitches, however there is no Dep pp 80.

## IIa.     DISPUTED MATERIAL FACTS

1)  Material fact number 1 is disputed.  Plaintiff never testified
    that he has been incarcerated at the Rushville TDF since
    April of 2001.  I only indicated that I was in the custody
    of the Illinois Department of Human servcies since that date.
    The Rushville facility did not start receiving Resident until
    June of 2006.

2)  Material fact number 2 is disputed.  I never made this claim.

3)  Material fact number 3 is disputed. The questions asked on page
    6 and page 7 of the deposition do not lead to the answers
    under oath as described in material fact number 3. I never
    testified that I believed the care provided was "appropriate"
    and the rapid switching from 2007 and 2010 makes the exchange
    difficult to understand even when reading it now.

4)  Material fact number 4 is disputed. The responses alleged in
    this fact do not exist on the pages indicated.

5)  Material fact number 12 is disputed. Plaintiff's dental
    records do not indicate that a "follow-up appointment" was
    scheduled for December 19, 2010, Pages 15 and 47 do not contain
    any testimony that would support the claims made here.

6)  Material fact number 18 is disputed. There was no testimony
    concerning "Potential infection" on page 18 of the deposition.
    The only testimony offered was to "Post Op and ongoing
    infection, further there is no page 49 of this deposition for
    anyone to quote from.

7)  Material fact 21 is disputed.  Despite the declaration made
here that I "reported no pain" on page 19 I in fact testified that
I was in pain still and taking pain medication Page 19 lines 22-24.

4

8)   Material fact number 22 is disputed.  The pages of the deposition
     used to support these allegation do not even exist. The total
     deposition is only 54 pages long including the certificate.
     No mention of these allegations are found on page 48.

9)   Material fact number 23 is disputed. As already stated there
     is no page 80 to reference, and the other claims are mis-
     represented.

10)  Material fact number 25 is disputed as there is again no page
     80 of the Plaintiff's deposition to refer to, or rely upon
     to support a non existent claim.

11)  Material fact number 26 is disputed as there is no page 82
     to rely upon for supporting any claims, Plaintiff only testified
     to the "digging out" of bone shards and never mention any
     procedure such as "Recontoured Plaintiff's Bone".

12)  Material fact number 27 is disputed.  The Defendant relies
     upon Deposition page 24 to claim I have not had any further
     problems with pain since April 23, 2011 and I in fact testified
     under oath to the exact opposite on page 24 stating it's painful
     to eat and that I am not a doctor so I do not know the medical
     cause of this pain. Page 24, lines 12,15-16 and 18-21.

### III.      ADDITIONAL MATERIAL FACTS:

1)    Between 7/22/07 and 8/23/09 Plaintiff received no dental care at all. and I did not receive any annual check ups or responses to requests from the dentist.

2)    Defendant Mitchell's Performance and decisions fall well below the contracted obligations she is under at the facility.  It is reasonable to state that the contracted obligations are in line with what would be considered reasonable by other professionals in her field, and by the Illinois Department of Human Services.

3)    Defendant Mitchell deliberately records dental charts and entries that are evasive, misleading, and able to be readily explained in many different  ways preventing meaningful care, or allowing other to interpret what is realy going on.

4)    Defendant Mitchell perform a tooth extraction based upon the facts it was faster than fixing the tooth, and fit into her personal schedule more easily. Defendant Mitchell performed this hurried and rushed extraction knowing she had eye surgery scheduled to correct a medical issues that were impacting her ability to see, it is likely this poor vision and the choose to remove and disregard a part of this Plaintiffs body causing the permainent loss of a tooth lead to poorly installed stitches which did not last 24 hours before pulling out.

5)    The lack of any prescribed anti-biotic lead to the post opperative infection to which the sweeling and oozing likely lead to the loss of stitches and increase in pain.

6)    Dr. Mitchell personally bears the responsibility of not informing the H.C.U. unit that she was not going to be here on the date she scheduled for follow=up care the next weekend.

6

7)    Defendant Mitchell had a habit of working Holidays at the Rushville facility and as such neither myself or those whom are responsible for staffing the the Rushville Health Care Unit would have had any reason to suspect that Defendant Mitchell would not have been here working because it was the Thanksgiving weekend.

8)    The deliberate and unethical actions of Defendant Mitchell lead to the loss of a permanent tooth, tooth number 6, which was a tooth Mitchell spent years placing temp fillings in, and even her own dental records indicate was not scheduled for extraction, but rather another filling up till the night she decide to extract this ttoth instead of finally fixing it to save time and make thing easier for her. See Plaintiff Exhibit 1 & 1b Defendant Mitchell chart wherein the repair is crossed on from the sevices planned section and it is rewritten to be an extraction.

9)    Plaintiff has suffered great pain, infections, and suffering for an extended period of time due to Mitchell's deliberate actions that were in fact indifferent to my serious medical needs.

10)   Defendant Mitchell has not provided any expert opinion other than her own for review in these matters.

11)   Defendant Mitchell took no action concerning my complaints of pain and missing stiches for over 11/21/10 until 12/2/10 when the facility grievance examiner with the assistance of the administrative staff forced the issue by treating my grievance as an emergency complaint. For this entire period of time I suffered in needles pain unable to eat or function properly due to the deliberate acts of Defendant Mitchell.

## IV.    ARGUMENT

When I saw Dr. Mitchell on July 22, 2007, she diagnosed me with cavities in teeth No's. 6 and 7. For almost two years, I had went without being seen by Dr. Mitchell. She KNEW that I had two cavities. As a dentist, she also had knowledge that cavities only get worse and lead to extractions, infections, and other serious conditions that a medical professional, such as Dr. Mitchell, is aware of.

I ended up losing a tooth. A permanent deformation of my body, due to Dr. Mitchell choosing to NOT provide myself with a course of treatment that would lead to me being able to keep my tooth. As Dr. Mitchell is presumably a dentist, she knows that, "consequently, dental care is one of the most important needs of inmate" <u>Ramos v. Lamm</u> 639 F.2d 559,576 (C.A. 10 Colo., 1980).

With Mitchell choosing to NOT see me for two years, as is indicated by the attached EXHIBIT 1--dental records, in part-- and the evasive and poor entries recorded by her own hand raises a reasonable inference that her alleged 'Professional Judgment', and conduct was not within her own guidelines as demonstrated by the attached WEXFORD DENTAL POLICIES AND PROCEDURES EXHIBIT 2, which outlines her professional and legal obligations. She is also to adhere to all other Codes, Policies, and agreements when she became a Licensed Professional in Dentistry.

I was forced to sign a 'Authorization for treatment', AFTER the tooth was extracted, in pain and under duress. Anyone of average reasonableness would have the notion that what occurred was unprofessional and certainly involuntary.

After my tooth was forever separated from my body, I had stitches that didn't last twenty four hours before they came undone, and my mouth started to bleed. I additionally went ten days before I was seen by another dentist who diagnosed me with a 'Post Operative Infection'. As I stated in my deposition, I was not at all aware the Dr. Mitchell was suffering from a DEBILITATING EYE CONDITION when she was extracting my tooth, requiring Dr. Mitchell to have eye surgery to correct her vision. This was something she knew was wrong with her and chose to perform oral surgery on me, without being able to properly see what she was doing.

It was not that I was subject to one painful, infectious extraction, I was subject to multiple bouts of oral surgery for Dr. Mitchell to remove the remaining shards of broken tooth still in my mouth. This happened TWICE. I still, to this day, have pain while eating food.

IF Dr. Mitchell provided a clean extraction, which she DID NOT, I would not have been subject to these multiple sessions of Dr. Mitchell cutting and scraping around in my mouth to remove tooth shards that were left from the initial extraction. This type of care and treatment from a medical professional is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" my condition Snipes v. Detella 95 F.3d 582,586 (7th Cir. 1996). This type of treatment I was subject to wsas completely inappropriate and unprofesional in acordance with Youngberg v. Romeo 457 U.S. 307 (1982) which is the platform for professioanl judgment in providing care to anyone whether in an institution or on the street.

9

It is incredible to think that the emergency grievance I had to write to get to a dentist who would provide me treatment, is not even mentioned by the Defendants in their Motion for their Summary Judgment. I read the grievance in its entirety during my deposition which pages 25 through 32 are attache with the response from the grievance examiner as EXHIBIT 3.

A period of TEN DAYS had to go by in order for me to get any treatment dy a dentist because Dr. Mitchell was not present. Since she was having eye surgery, which is something that is not capriciously scheduled, her very actions were no less that cruel indifferent and she is sufficiently culpable in her present mind to know what her limitations were when she decided it was a good idea to pull my tooth instead of fill the cavity because she was wanting to catch her train back to wherever she lives, instead of providing myself treatment that would have proven to be more efective and less invasive. Instead, she chose to pull my tooth as a quick and easy solution (for her) knowing the RISKS and the COMPLICATIONS that are involved. I did SUFFER from these very COMPLICATIONS ans RISKS associated with having a tooth extracted because Dr. Mitchell wanted to maintain her 'life' and schedule, instead of doing what was right, and constitutionally appropriate.

I do have the protection of both the Eighth and Fourteenth Amendment. "That guarantee ecompasses a prisoner's right to medical care". That "deliberate indifference to serious medical needs.... constitutes unnecessary and waton infliction of pain proscribed by the Eighth Amendment" Estelle v. Gamble 429 U.S. 97, 104 S.Ct. 285 (1976). As Dr. Mitchell knowingly and consciously chose to hold me in a state of pain far beyone reason does qualify under

10

the Eighth and Fourteenth Amendment. Additionally Dr. Mitchell is also sued in her personal capacity, which would conclude her seeking any qualified immunity under the Eleventh Amendment.

I have attached my complaint--EXHIBIT 4--which gives a very detailed account of what I was subject, the events and actions I experienced first hand. Dr. Mitchell does not even speak to ANY of my facts I state, neither in my deposition, which Dr. Mitchell did attach to her summary judgment as exhibit 1, nor in my complaint.

Her allegation that she works as much as she can does not demonstrate she was acting in a professional manner or with care. She is TO DO NO HARM. Her treatment I was subject to CAUSED ME IRREPARABLE HARM. Attached is--EXHIBIT 5--which is her time sheets for the year(s) of 2010 to 2011. What is MISSING is ho much time she actually spends at the facility, considering she is travelling from Cook County, Illinois to Rushville, Illinois, an average 256 mile journey one way. Her anxiety over catching a train so she may be home, gives a reasonable inference that her attention was NOT with myself, the patient, but with time, combined with her DEBILITATING EYE CONDITION.

Combined with the fact I ended up losing a tooth (No. 6) due to years of inattention by a dentist who KNEW and DIAGNOSED me as having cavities, then waited years to eventually 'treat' myself, does not qualify for any statute of limitations because my very complaint deals with the ongoing and deliberate act of NOT at all providing myself with care that a reasonable person would see as appropriate and caring. An average person out in society would not have been subject to these torturous and barbaric actions by a prison dentist.

11

With everything that Dr. Mitchell says she didn't do, there's not a SINGLE STATEMENT or AFFIDAVIT that she has disclosed with her summary judgment that is testified 'Under Oath' and 'Under Penalty of Perjury' andywhere in her summary judgment. Anything that she has NOT DISPUTED is certainly an act of admission. I cannot find anywhere in any of the policies, procedures, that have been disclosed during discovery that allow her to practice her profession while she is handicapped by a visual imapirment and continually watching the clock, instead of being attentive to me as a patient who has suffered at the hands of Dr. Mitchell.

## V.     CONCLUSION

For the resons and facts presented herein, including my Affidavit--attached as EXHIBIT 6--demonstrates Dr. Mitchell is sufficiently culpable in her actions of denying myself proper medical treatment and causing myself needless suffering at her own hand. Dr. Mitchell deliberately did not provide myself with treatment that she knew was not proper and therefore, summary judgment MUST be DENIED.

Respectfully submitted,

Terry Hyatt, Plaintiff Pro Se
Department of Human Services
Treatment and Detention Facility
1680 East County Farm Road
Rushville, Illinois 62681

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

I, TERRY HYATT, certify that on this ___5___ th day of May, 2012, I caused this PLAINTIFF'S RESPONSE TO DEFENDANT MITCHELL'S MOTION FOR SUMMARY JUDGMENT to be filed by use of the Scanner provided for my use at this Rushville TDF, relying upon the Clerk to enter said document into the Court's CM/ECF System.


### REQUEST FOR ELECTRONIC SERVICE

I further request the Clerk to send this very document to the attorneys of record who are all registrants of the Court's CM/ECF System, pursuant to Local Rule 5.3 and FRCP 5(b)(3), to:

Andrew M. Ramage              aramage@hinshawlaw.com

Erin O'Boyle                  EO'Boyle@atg.state.il.us


By: _____
Terry Hyatt, Plaintiff Pro Se
Department of Human Services
Treatment and Detention Facility
1680 East County Farm Road
Rushville, Illinois 62681