IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

TERRY HYATT,                    )
                                )
        Plaintiff,              )
                                )
    -VS-                        )   NO. 11-3067
                                )
JACQUELINE MITCHELL,            )
MICHAEL BEDNARZ,                )
ALFREDA KIBBY,                  )
                                )
        Defendants.             )

### PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

**NOW COMES,** The plaintiff, TERRY HYATT, pro se., and for his Response to Defendants Michael Bednarz and Alfreda Kibby's Motion for summary judgment states as follows:

### INTRODUCTION

Defendant Michael Bednarz is the Facility Medical Director at the Rushville Treatment and Detention Facility. Defendant Bednarz while admitting it is his personal responsibility to see that I am provided dental care, that the Dental facility is well staff and operational at all times, he still failed to follow up with me concerning my complaints regarding dental treatment and see to it that the Facility dental department was actually staffed and opperational.

Defendant Alfreda Kibby was the Facility Director for the period in time wherein Plaintiff was denied timely treatment following a botched tooth extraction, suffered from post operative infections, and other treatment issues that went unaddressed by either or the staff she had in place to deal with these issues. Choosing not to be involved should not become a shield for civil right violation.

1

## UNDISPUTED MATERIAL FACTS

1) Material fact number 1 is not disputed.

2) Material fact number 2 is not disputed.

3) Material fact number 3 is not disputed.

4) Material fact number 4 is not disputed.

5) Material fact number 8 is not disputed, however, if this is actually what he does it would violate title 59 in which a grievance can not be heard by the party beiing grieved or that may not be impartial. Clearly asking Dr. Mitchell to hear and respond to her own Grievances, or grievances filed against her would be wrong. Additionally, Mitchell did not personal respond to the grievances filed against her in this case.

6) Material fact number 10 is not disputed, however after being in this facility of such a small population for a decade one would suspect some independent recollection of some medical issues even if just through routine paper work.

7) Meterial fact number 11 is not disputed.

8) Material fact number 12 is not disputed.

9) Material fact number 15 is not disputed, however again as in the time at the facility, the different positions held, and the required paper work and professional involvement, some recollection would seem likely.

10) Material fact number 19 is not disputed.

11) Material fact number 21 is not disputed.

12) Material fact number 22 is not disputed.

13) Material fact number 23 is not disputed.

14) Material fact number 24 is not disputed.

15) Material fact number 25 is not disputed.

16)   Material fact number 26 is not disputed.

17)   Material fact number 27 is not disputed.

18)   Material fact number 29 is not disputed.

19)   Material fact number 30 is not disputed.

20)   Material fact number 32 is not disputed.

21)   material fact number 33 is not disputed.

## DISPUTED MATERIAL FACTS

1)   Material fact number 5 is diputed. Defendant Bednarz both claims to have no role at all in the "Provision" of dental care to Rushville Residents, however he also avers that it is his duty to stock, maintain, dental department, to see to it that the dentist is here working and under the terms of her contract and other material matters that impeach his claims of no role in providing for my dental care while I am here.

2)   Material fact number 6 is disputed.

3)   Material fact number 7 is disputed. There is no way to visualize the documents that were held up and waived around in front of me by the deposition transcript used here. The reference "any other" could mean almost any thing as it is used here.

4)   Material fact number 9 is disputed. Defendant Bednarz has argued both he knows nothing about what the dentist does, fact # 5, and he provides no explanation as to how he knows this.

5)   Material fact number 13 is disputed. It is clearly Defendant Kibbys' role to see to it my medical needs are met while I am a resident in this facility.

6)   Material fact number 14 is disputed. Plaintiff Grievance was marked emergency, and it indicated Kibby felt it an emergency.

3

7) Material fact number 17 is disputed. Plaintiff does not understand this statement now or in Dep.P51, 1119-22.

8) Material fact number 18 is disputed. Plaintiff's Dep p, 51 11. 23-24 state" **Q.** Did you file any grievances with the facility about the number of doctors here at". This is no way addresses who would respond to a grievance, and; 52,ii 1-6 I was simply indicating that all grievances first go to the grievance examiner, be it a medical emergency or someones' chocolate milk was warm at lunch.

9) Material fact number 20 is disputed. See Plaintiff Dep P,51 lines 7-18.

9) Material fact number 28 is disputed. I was seen to remove more bone shards.

10) Material fact number 31 is sidputed. This is a false statement as I in fact complained on ongoing difficulties. See plaintiff deposition page 24 lines 11-21 wherein I complain about ongoing pain.

### ADDITIONAL MATERIAL FACTS:

1) Plaintiff wrote to Defendant Bednarz a 2 page letter detailing my complaints and concerns over ongoing dental issues to which he never responded. Plaintiff Exhibit 1

2) Plaintiff filed an "Emeregency Grievance", Plaintiff's exhibit 2, Plaintiff's deposition pages 29 lines 2-24 and page 30 lines 1-22.

3) Defendants Bednarz and Kibby were both put on notice the Defendant Mitchell, the Facility's only contracted Dentist was going to be out for elective Eye Surgery.

4) Defendant Michael Bednarz took no step to insure that a Dentist was going to be available at this facility even though he avers that it is his responsible to see to it we have a staffed dental department that is functioning properly, See exhibit 3, ¶ 2 & 3.

5) Defendant Kibby Avers that she would review to all emergency grievances, Plaintiff exhibit 4 ¶ 3 & 4.

## ARGUMENT

### STANDARD FOR SUMMARY JUDGMENT

The defendants here, Michael Bednarz and Alfreda Kibby argue that based upon the pleadings, filings, and affidavits in this case no Material facts remain which are, once viewed in the light most favorable to the Plaintiff, could lead to a trier of facts rendering a verdict in my favor. Fed.R.Civ.P.56(c) and Scott . Harris, 550 U.S. 372,380(2007)

The Defendants also rely upon Anderson v Liberty Lobby, Inc 447 U.S. 242,248 (1986) citing the accepted facts that if material facts and evidence does in fact exist, and that a reasonable jury could return a verdict for the non-moving party, a trial is proper and summary Judgment should not be granted. The Plaintiff asserts that there is more than enough evidence in the record before this Court to rule against the Defendants Motion for Summary Judgment and carry this Matter over for Trial.

### DEFENDANTS BEDNARZ AND KIBBY ARE **NOT** ENTITLED TO SUMMARY JUDGMENT ON THIS PLAINTIFFS COMPLAINT FOR DELIBERATE INDIFFERENCE TO MY SERIOUS MEEDICAL NEEDS.

It is well established that Deliberate Indifference to a prisoner's serious medical need constitutes the wanton infliction of pain proscribed by the Eighth Admendment. To establish an Eighth Amendment violation by a official for failure to provide adequate medical care, I must allege acts or admissions sufficently harmful to evidence deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97.

Based upon the Defendants own averments and allegation they establish direct knowledge, reasponsibilty to provide, and failure to act after being placed on notice of the lack of treatment.

Defendant Michael Bednarz averred that he was personally responsible for the treatment I did not receive. <u>Plaintiff's exhibit 3</u>, paragraph 2 "My responsibilities as the Medical Director include being the contract monitor for wexford employees. This means I ensure Wexford Employees are Providing services in accordance with their contract". See exhibit 5, Defendant Mitchell's contract obligation detailing how services are provided and when.

Defendant Bednarz further avers that "I ensure that her lab is operational and that it is meeting the dental needs of the facility, <u>Ex 3, ¶ 3</u>.  As this plaintiff was a resident of this facility, and I was presenting with serious dental needs, and that I placed this Defendant, Michael Bednarz on notice, of the responsibility he now claims he already knew he had and admits he did nothing.

Plaintiff filed an Emergency Grievance. This Emergency Grievance numbered 12 10 AR 0939 bearing the Date of incident Occurrence November 21, 28 & 29, 2010 on the top line was mistakenly signed and then dated 10-30-2010. This 10-30-2010 was clearly a mistake were I wrote the month as the 10th month instead of the 11 month all other dates on these documents are correct.

Both Defendants Admit and aver that they would be notified of any emergency grievances, Page 2 of exhibit 2 states this Grievance was deemed an emergency, and the operation code, Title 59, Illinois Adminitrative Code also assures that a Grievance over a Medical Issue Marked and considered an Emergency would have come to the attention of both Defendants Michael Bednarz and Alfreda Kibby.

Defendants Bednarz and Kibby do not respond to Health Care Request, but the Emergency Grievance and my letters placed them

on notice and they can not simply say they bear no responsibilty because they did not get a personalize Health Care request for the activities that are not their jobs to escape responsibility for the actions they should have taken and did not.

To believe the account of Defendant Bednarz and Kibby for that matter, one would have to belive they received complaints, letters and grievances, not to mention Health care staff such a nurse, **logs, and** decidely took no action, or just forwarded the complaints and grievances to the Dentist, who, one was not here, and was the subject of the grievance, or the person being grieved.

Title 59: Mental Health, Chapter I: Department of Human Services part 299 Sexually Violent Persons section 299.810 (b) "No person who is directly involved in the subject matter of a given grievance, or who is otherwise not impartial, may serve as the grievance examiner reviewing that particular case". For the Defendants in this case to repeatedly assert, aver or depose that they forwarded, or would have forwarded any grievances about the "Dentist" to the "Dentist" is another overt act of deliberately violating policy and Administrative Code as it relates to my complaints about the lack of Dental Care.

Plaintiff's exhibit two, (2) my emergency grievance detailed that "I am in extreme Pain" and I have "taste a really nasty and foul taste in my mouth that I believe is from an infection". I further detailed a large wound which was bleeding and missing stitches. All of these serious dental needs were worthy of a response, and after being placed on notice Defendants Bednarz and Kibby should have followed up, or placed someone besides the dentist on notice to follow up with me and see how things were going.

8

The Defendants in this case were all placed on notice and there was no need to continue to submit health care request for services that were so well documented through this event I now complain of.

The Defendants were clearly personally responsible for the events and actions complained of as so indicated by their affidavits attached hereto as exhibits 3 and 4 as detailed above. See Gentry v. Duckworth, 65 F.3d 555, 516 (7th Cir. 1995) Even prior to my letters and grievances Defendant Bednarz declared and averred that "My responsibilities as the Medical director include being the contract monitor for Wexford Employees. This means I snsure the Wexford employees are providing services in accordance with their contract". Plaintiff exhibit 3 ¶2 & 3. What is not avvered or reasonably explained is how Defendant Bednarz concluded that simply turning complaints and grievances about the dentist over to the dentist was a personal act of guaranteeing that the dentist was provide said services in accordance with any contract.

Defendant Michael Bednarz failed to perform the personal duty he so clearly detailed he had in securing my dental treatment before I complained, and he increased his personal responsibility ten fold by refusing to take corrective action and monitor the situation complained of after he was placed on notice either through my letters, grievances, or even the Complaint and filings themselfs. It is my belief that the law only requires I place a defendant on notice one time for their violations of my rights before I can take action and prosecute a complaint.

To grant summary judgment for Defendant Michael Bednarz and

9

Alfreda Kibby would mean ignoring all the personal responsibility they themselves averred they had in the events and actions complained of.

No where could I see where the Defendants alleged my Pain, Missing Stitches, gapping wound, infection or other issues I complained of did not constitute a serious medical neen. Nor did I see anything in their arguement that it was okay to keep me in pain for an extended perior of time with a gapping wound in my mouth oozing puss, preventing me from eating, sleeping or anything else for weeks while no one did anything.

The Defendants in this case where aware of the complaints, the ongoing serious medical needs, and did not fulfill their personal role in correcting the situations complained of.

## CONCLUSION

Plaintiff TERRY HYATT Prays that this Honorable Court will deny the Defendant Motion for Summary Judgment for all the reasons stated above, and that this Matter is carried over for trial.

Respectfully Submitted:

BY: *Terry J Hyatt*
Terry Hyatt, plaintiff Pro se
IDHS-TDF
1680 East County Farm Road
Rushville, IL  62681

NOTICE OF FILING AND CERTIFICATE OF SERVICE

I, TERRY HYATT, certify that on this 29 th day of MAY, 2012, I caused this PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT to be filed by using the scanner at the Rushville TDF that is provided for my use, relying upon the Clerk of the Central District U.S. Court to enter said document into the CM/ECF System.

REQUEST FOR ELECTRONIC SERVICE

I further request the Clerk to send this document electronically to the attorneys of record who are registrants of the Courts CM/ECF System, pursuant to Local Rule 5.3 and FRCP 5(b)(3), to:

Erin O'Boyle EO'Boyle@atg.state.il.us

Andrew M. Ramage aramage@hinshawlaw.com

By: Terry J. Hyatt

Terry Hyatt, Plaintiff Pro Se
Department of Human Services
Treatment and Detention Facility
1680 East County Farm Road
Rushville, Illinois 62681