UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRY HYATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 11-CV-3067 |
| v. | ) | |
| | ) | |
| JACQUELINE MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On April 1, 2013, Dr. Mitchell's motion to reconsider the denial of her summary judgment motion was granted. Dr. Mitchell was granted summary judgment, and this case was closed.

On April 4, 2013, Plaintiff filed a motion for reconsideration, asserting that "Plaintiff was never provided a copy of the Defendants['] affidavit, motion for reconsideration, or demand by the Court that I respond to said motion or affidavit." (d/e 67). The Court denied the motion because the record did not support Plaintiff's assertion that he had not received a copy of Dr. Mitchell's motion. However, the Court granted leave for Plaintiff to file another motion for reconsideration, this time attaching mail logs

and stating under penalty of perjury that he had not received Dr. Mitchell's motion.

Plaintiff filed another motion to reconsider, but he did not state under penalty of perjury that he had not received Dr. Mitchell's motion. Plaintiff now acknowledges that, in fact, he may have received a copy of the motion, though he does not recall receiving it. The mail log attached to Plaintiff's motion confirms that he did likely receive a copy of the motion on December 13, 2012. (d/e 70, p. 20).

Plaintiff asserts that, even if he did receive Dr. Mitchell's motion, he did not intentionally fail to file a response. He asserts that he has a learning disability, cannot read or write, and has relied entirely on help from other residents to pursue this case. Plaintiff maintains that, if he had known a response was due, then he would have enlisted the necessary assistance to file a response.

Plaintiff's assertion of "profound learning disabilities" is not supported by the record. In a deposition in another pending lawsuit, Plaintiff testified that he has an eighth grade reading level and dropped out of school in the ninth grade. Smego v. Aramark, 10-CV-3334 (Hyatt Dep. attached to DHS Defs.' motion for

summary judgment, d/e 419).  Again, Plaintiff testified in this case that he has an eighth grade educational level and unspecified disabilities in reading and writing.  (Pl.'s dep. p. 27, d/e 55-1.)  However, Plaintiff's self-described inability to read and write is not supported by any objective assessments or by the record itself.  For example, Plaintiff does not assert that the requests for care he filed about his lack of dental care were written by someone else.  Those requests demonstrate an ability to adequately communicate in writing, which necessarily implies an ability to read.  (d/e 61-1, pp. 25-35.)  Additionally, Plaintiff has also responded to every other motion filed in this case, which demonstrates that Plaintiff knows when a response is required and knows how to file a response.  The fact that Plaintiff relies on others with more legal knowledge and ability than Plaintiff does not suggest that Plaintiff does not know when a response is due.

In short, the record still does not support Plaintiff's assertion that he did not receive Dr. Mitchell's motion or was unaware of the need to respond to Dr. Mitchell's motion for reconsideration.

The Court does believe, however, that Plaintiff's failure to response was probably inadvertent, based on Plaintiff's timely

response to all the other motions filed in this case, his otherwise vigorous pursuit of his claims in this case, and his prompt filing of a motion to reconsider after the Court closed this case. Accordingly, the Court will consider the merits of Plaintiff's motion to reopen this case.

The Court has reviewed Dr. Mitchell's affidavit and Plaintiff's motion. The Court cannot tell what happened in November 2010. According to Plaintiff, Dr. Mitchell started drilling on Plaintiff's tooth and then stopped, telling Plaintiff that Plaintiff needed a root canal but that she did not have time to do a root canal. According to Plaintiff, Dr. Mitchell left Plaintiff with the choice of extracting the tooth or waiting indefinitely for a root canal with a hole drilled in his tooth. Plaintiff says that he did not sign the consent for extraction until after the tooth was extracted. In contrast, Dr. Mitchell avers that she gave Plaintiff the option of a root canal or extraction, and she had plenty of time to do a root canal at the November visit. Dr. Mitchell avers that Plaintiff instead chose to have the tooth extracted. Given these disputed facts, summary judgment is inappropriate.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to reconsider is granted (d/e 71).

2) The 4/1/13 order granting Dr. Mitchell's motion for reconsideration of summary judgment is vacated. Dr. Mitchell's motion for reconsideration (d/e 61) is revived and is denied.

3) This case is reopened.

4) A final pretrial conference is set for January 31, 2014, at 2:30 p.m. Plaintiff shall appear by video conference. Defense counsel shall appear in person. The same instructions regarding the final pretrial order set forth in the Court's 10/29/12 order apply.

5) The clerk is directed to issue a video writ to secure Plaintiff's presence at the final pretrial conference.

ENTER: December 4, 2013

FOR THE COURT:

                                          **s/Sue E. Myerscough**
                                          SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE